ORIGINAL

Jonathan J. Lerner
Maura Barry Grinalds
Timothy G. Nelson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735 3000 (telephone)

'08 CIV 3721

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PROSPECT CAPITAL CORPORATION,      :
PROSPECT CAPITAL MANAGEMENT        :
LLC, JOHN F. BARRY, M. GRIER
ELIASEK, WALTER PARKER and         :
BART DE BIE,
                                   :   08 Civ. _____ (___)
           Petitioners,
                                   :
       - against -
                                   :
MICHAEL ENMON,
                                   :
           Respondent.
------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS'
MOTION TO CONFIRM AN ARBITRATION AWARD**

April 18, 2008

Petitioners respectfully submit this memorandum of law in support of their Petition pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, N.Y. C.P.L.R. § 7510 and Federal Rule of Civil Procedure 65 to confirm a Partial, Final Arbitration Award dated April 14, 2008 (the "Award").[1]

## PRELIMINARY STATEMENT

Enmon is a disgruntled would-be borrower who failed to qualify for a loan from Prospect, who unsuccessfully tried to haul Prospect Capital Corporation ("Prospect") and the other Petitioners into Beaumont, Texas state court to answer a series of frivolous tort claims in breach of the unambiguous terms of a April 11, 2006 letter agreement (the "Letter Agreement") Enmon voluntarily executed upon the advice of counsel as a condition of Prospect's agreement to undertake due diligence to consider whether to approve Enmon's request for a loan. The Letter Agreement not only precluded each and every one of Enmon's claims as a matter of law, but also mandated that Enmon submit to arbitration in New York. On February 13, 2007, this Court found Enmon's objections to arbitration to be without merit, and ordered that arbitration proceed pursuant to the Letter Agreement.

After ten full days of hearings spread over three weeks, based on a fully-developed factual record, and after receiving extensive briefing, Arbitrator John H. Wilkinson, Esq. conclusively rejected each and all of Enmon's claims against Petitioners. Pursuant to Section 9 of the FAA, or alternatively N.Y. C.P.L.R. § 7510, Petitioners are entitled to an order confirming the arbitration award in its entirety and entering judgment thereupon.

---

[1] All exhibits cited herein are transmitted in the Declaration of Timothy G. Nelson in Support of the Petition.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts of this case are as set forth in the Petition and the Award, which we respectfully repeat and reincorporate herein.

## II.
## THE AWARD SHOULD BE CONFIRMED

Confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). "[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (judicial review of an arbitrator's award is limited); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (arbitration awards are entitled to great deference by the courts).

Here, the Award arises out of an arbitration agreement which this Court has already held to be fully binding. (Ex. A.) Moreover, the parties have expressly consented to the AAA Rules and are thus "deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (Ex. C, Rule R-48.) Thus, the Award plainly qualifies for confirmation pursuant to Section 9 of the FAA and/or N.Y. CPLR 7510. *See D.H. Blair*, 462 F.3d at 113.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant the relief requested in the Petition.

Dated: New York, New York
    April 18, 2008

                          SKADDEN, ARPS, SLATE
                            MEAGHER & FLOM LLP

                            */s/ Jonathan J. Lerner*
                            Jonathan J. Lerner
                            Jonathan.Lerner@skadden.com
                            Maura Barry Grinalds
                            MauraBarry.Grinalds@skadden.com
                            Timothy G. Nelson
                            Timothy.G.Nelson@skadden.com
                            SKADDEN, ARPS, SLATE,
                              MEAGHER & FLOM LLP
                            Four Times Square
                            New York, New York 10036-6522
                            (212) 735-3000

                            Attorneys for Petitioners