Jonathan J. Lerner
Maura Barry Grinalds
Timothy G. Nelson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-3000 (telephone)

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PROSPECT CAPITAL CORPORATION,
PROSPECT CAPITAL MANAGEMENT       :
LLC, JOHN F. BARRY, M. GRIER
ELIASEK, WALTER PARKER and         :
BART DE BIE,
                                   :       08 CV 03721 (CM)
        Petitioners,
                                   :       (ECF CASE)
   - against -
                                   :       Electronically Filed
MICHAEL ENMON,
                                   :
        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONERS' REPLY IN FURTHER SUPPORT OF
THEIR MOTION TO CONFIRM AN ARBITRATION AWARD**

May 22, 2008

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

INACCURACIES IN ENMON'S FACTUAL SUMMARY ........................................................... 2

I.   ENMON'S JURISDICTIONAL OBJECTION IS FRIVOLOUS ..................................... 3

II.  ENMON'S "DEFENSES" TO CONFIRMATION AND HIS IMPROPER
     REQUEST TO "VACATE" THE AWARD ARE FRIVOLOUS ...................................... 4

     A.   Enmon Ignores the Standards Applicable Under Sections 9 and 10
          of the FAA ........................................................................................................................ 4

     B.   Enmon's Challenges to Arbitrability Remain Frivolous ........................................ 5

     C.   Enmon's Assertion that the Arbitrator "Overstepped" His Authority
          is Frivolous ...................................................................................................................... 6

     D.   Enmon's Claims of "Improprieties" by the Arbitrator are Frivolous ................... 7

          1.   The Arbitrator's Refusal of an Adjournment Affords No
               Basis for Vacatur ................................................................................................... 7

          2.   The Arbitrator's Denial of Depositions Affords No Basis
               for Vacatur ............................................................................................................. 8

          3.   The Arbitrator's Ordering of Witnesses is Not a Basis for
               Vacatur .................................................................................................................... 9

III. ENMON'S REQUEST FOR A STAY IS FRIVOLOUS .................................................... 9

CONCLUSION ...................................................................................................................................... 10

## TABLE OF AUTHORITIES

## CASES

*187 Concourse Associates v. Fishman*, 399 F.3d 524 (2d Cir. 2005) .............................. 6

*Advance Publications, Inc. v. Newspaper Guild of New York*, 616 F.2d 614 (2d Cir. 1980) ............................................................................... 4

*Advest, Inc. v. Asseoff*, 92 Civ. 2269, 1993 WL 119690 (S.D.N.Y. Apr. 12, 1993) ............................................................................................... 10

*Ahing v. Lehman Brothers, Inc.*, No. 94 Civ. 9027, 2000 WL 460443 (S.D.N.Y. Apr. 18, 2000) ............................................................................ 5

*B.L. Harbert International v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006) ................................................................................. 1, 2, 5, 10

*Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255 (2d Cir. 2003) .............................................................. 5, 6, 7, 9

*Bowen v. Amoco Pipeline Co.*, 254 F.3d 925 (10th Cir. 2001) ................................. 4, 5

*Brook v. Peak International, Ltd.*, 294 F.3d 668 (5th Cir. 2002) .................................. 6

*Companhia de Navegacao Maritima Netumar v. Armada Parcel Service, Ltd.*, No. 96 Civ. 6441, 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000) ...................... 4

*Contec Corp. v. Remote Solution, Co.*, 398 F.3d 205 (2d Cir. 2005) ............................ 6

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) .................................... 3, 4

*Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir. 1984) ........................................ 4, 9

*Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108 (2d Cir. 1993) ....................... 4

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647 (1991) ............. 9

*Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513 (2000) ............... 4

*InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochemicals AG*, 373 F. Supp. 2d 340 (S.D.N.Y. 2005) ................................................................. 8

*Kober v. Kelly*, No. 06 Civ. 3341, 2006 WL 1993248 (S.D.N.Y. July 18, 2006) ............. 7

*Local 1199, Drug, Hospital & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22 (2d Cir. 1992) ........................................................................ 6

*Mallory Factor Inc. v. West Coast Entertainment Corp.*, No. 99 Civ. 4819,
    1999 WL 1021076 (S.D.N.Y. Nov. 9, 1999) ...................................................... 8, 9

*Passa v. City of Columbus*, No. 2:03-CV-81, 2008 WL 687168
    (S.D. Ohio Mar. 11, 2008) ........................................................................................ 5

*Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct.
    2332 (1987) ............................................................................................................... 4

*United Steelworkers of America v. Mead Corp.*, 21 F.3d 128 (6th Cir. 1994) ................... 6

*Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200 (2d Cir. 2002) ........................... 6

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
    103 F.3d 9 (2d Cir. 1997) ......................................................................................... 4

### STATUTES

9 U.S.C. § 9 ...................................................................................................................... 3, 4

9 U.S.C. § 10 ..................................................................................................................... 4, 6

Fed. R. Civ. P. 65 .................................................................................................................. 2

Petitioners Prospect Capital Corporation ("Prospect"), Prospect Capital Management LLC, John F. Barry, M. Grier Eliasek, Walter Parker and Bart de Bie (collectively "Petitioners") respectfully submit this Reply to Respondent Michael Enmon's ("Enmon") answering papers of May 12, 2008 and in further support of their Petition to Confirm the Partial, Final Arbitration Award dated April 14, 2008 (the "Award").

## PRELIMINARY STATEMENT

Prior to granting the Petition to Compel Arbitration, Judge Sand addressed – and systematically rejected – the slew of desperate arguments advanced by Enmon's counsel in his campaign to avoid and frustrate arbitration. Judge Sand remarked to Enmon's counsel:

> "You know, I have a feeling that if this went on and on, there would be no limit to the number of new arguments that you would advance. I give you points for your creativity. . . ."[1]

If Enmon's answering papers prove anything, it is that his counsel's "creativity" remains boundless. In his efforts to resist enforcement of the 34-page, well-reasoned Award, Enmon unfurls a slew of patently frivolous arguments in an effort to overturn the Arbitrator's conclusions or frustrate the arbitral process. Many of these arguments (*e.g.*, Enmon's discredited argument that there was no binding agreement to arbitrate) were already raised, and rejected, by this Court's prior orders of February 13, 2007 ("2/13/07 Order") and July 24, 2007 ("7/24/07 Order"). Others, such as his reckless claim that the Arbitrator's award should be vacated for "misconduct," are squarely contradicted by the written record and find no support whatsoever in case law. Indeed, this case is on all fours with *B.L. Harbert Int'l v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006), in that it exemplifies the "poor loser problem":

> When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. Arbitration's allure is

---

[1] Ex. J at 24:21-24. Save as otherwise indicated, references to exhibits are to the April 18, 2008 Declaration of Timothy G. Nelson or Mr. Nelson's May 22, 2008 Supplemental Declaration.

> dependent upon the arbitrator being the last decision maker in all but the most unusual cases. The more cases there are, like this one, in which the arbitrator is only the first stop along the way, the less arbitration there will be. If arbitration is to be a meaningful alternative to litigation, the parties must be able to trust that the arbitrator's decision will be honored sooner instead of later.

*Id.* at 913.  Enmon's frivolous and dilatory tactics should be put to a stop.  The Award should be confirmed forthwith in all respects.

## **INACCURACIES IN ENMON'S FACTUAL SUMMARY**

Enmon's answering papers are rife with a number of false factual assertions.  For example:

- Enmon's efforts to construe the April 11, 2006 Letter Agreement as a "non-binding" agreement, indistinguishable from the accompanying Term Sheet (Objection at 2-4), was rejected in Judge Sand's 2/13/07 Order, which held the Letter Agreement to be a "freestanding binding agreement between the parties" (Ex. J at 36:21), and by the Arbitrator, who reached the same conclusion.  (Ex. A at 18, 25.)

- Likewise, Enmon's assertion that the arbitration agreement was "one-sided and unenforceable" (Objection at 4-5) was unequivocally rejected by both this Court, which held that "there is no requirement for mutuality in agreements to arbitrate" (Ex. J at 40:23-24), and also rejected Enmon's claims of unconscionability.  (*Id.* at 40:25-41:1.)  The Arbitrator reached the same conclusions.  (Ex. A at 20-23.)

- Enmon's claims that Prospect improperly refused to extend financing in connection with the Caprock deal (Objection at 5-6) were unequivocally rejected in the Arbitrator's detailed findings of fact following ten days of live hearings.  (Ex. A at 28.)

- Enmon's assertion that the company "Caprock Pipe & Supply Inc." – now known as Enmon Capital, Inc.[2] – entered into a "separate contract" with Prospect was also unequivocally rejected in the Arbitrator's findings.  (Ex. A at 3-4; see *also infra* § II.C.)

Enmon also mischaracterizes the procedural history of this case,[3] falsely claiming that the Arbitrator allowed witnesses to be called "out of order" to suit *Prospect's* convenience.  The plain terms of the Arbitrator's July 21, 2007 order shows this was done at *Enmon's instigation*:

---

[2]   *See* Ex. 1 at 2 (New Mexico Secretary of State record showing "Caprock Pipe & Supply Inc." renamed "Enmon Capital, Inc.").

[3]   Enmon misrepresents that this Court's January 11, 2007 Temporary Restraining Order was obtained "ex parte" (Objection at 7), when, in fact, it was obtained only after Petitioners **gave notice** to Enmon's counsel – in conformity with Fed. R. Civ. P. 65 – that they would be seeking such relief.  (Ex. 2 (Jan. 11, 2007 email from Petitioners' counsel to Enmon providing prior notice of TRO application).)

2

> It is not at all unusual in arbitration to take witnesses out of order in order to accommodate busy and conflicting schedules. It is just another means of maximizing the efficiency of the process. It is only to be done, however, when truly necessary and when it will not be overly disruptive of an orderly process.
>
> ***I would ask [Enmon's counsel] Mr. Itkin to pare down his "out of order" witnesses and to have very good reason why it is really necessary to take such witnesses out of order.*** The contemplated length of the testimony of the "out of order" witnesses is also a factor to be considered. When witnesses are taken out of order, cross examination will be permitted on the issue of whether it was really necessary take them out of order. ***Finally, one way or the other, I am going to want to hear the testimony of everyone who has something relevant to say.***

(Ex. 3 (emphasis added); *see also* Ex. 4 (July 19, 2007 email from Enmon's counsel indicating desire to call various witnesses, including Mr. Frank Bond and Mr. Robert Fiser, out of order).)

# I.
# ENMON'S JURISDICTIONAL OBJECTION IS FRIVOLOUS

Enmon's purported objection to "personal jurisdiction" (Answer ¶ 1) collides with paragraph 10 of the Letter Agreement, which states:

> ***Each party hereto*** expressly agrees not to assert any claim relating hereto elsewhere, but instead ***submits and consents in advance to such New York jurisdiction*** in any action or suit commenced in any such New York court, and hereby ***waives any objection which such party may have based upon lack of personal jurisdiction, improper venue or inconvenient forum.***

(Ex. B ¶ 10.) (emphasis added); *see also* Ex. C (AAA Comm'l Rule R-48(c) (parties to AAA arbitration "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof").) In view of this binding submission to jurisdiction, *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103-04 (2d Cir. 2006) (enforcing clause submitting to jurisdiction of New York courts for purposes of enforcing arbitration award), and because, in all events, Section 9 of the Federal Arbitration Act ("FAA"), permits confirmation motions to be brought in ***"the United States court in and for the district within which such award was made,"*** 9 U.S.C. § 9 (emphasis added), Enmon's jurisdictional objection is frivolous.

3

## II.
## ENMON'S "DEFENSES" TO CONFIRMATION AND HIS IMPROPER REQUEST TO "VACATE" THE AWARD ARE FRIVOLOUS

**A.    Enmon Ignores the Standards Applicable Under Sections 9 and 10 of the FAA**

Under the FAA, confirmation of an arbitration award is a "***summary proceeding*** that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984) (emphasis added).  "[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'"  *D.H. Blair*, 462 F.3d at 110 (quoting 9 U.S.C. § 9).

In his Answer and "Objection" to the Petition, Enmon purports to seek vacatur of the Award pursuant to 9 U.S.C. § 10 on a variety of grounds.  (Answer ¶ 3; Objection at 10-12.)  However, Enmon cannot possibly meet his "heavy burden of proof" to overcome the presumption in favor of confirmation of the Award.  *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993).[4]  Indeed, given the "liberal federal policy favoring arbitration" embodied in the FAA, as well as arbitration's twin goals of settling disputes efficiently and avoiding costly litigation, the FAA contemplates only circumscribed judicial review of arbitration awards.  *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-2, 121 S.Ct. 513, 522-23 (2000); *Shearson/Am. Express., Inc. v. McMahon*, 482 U.S. 220, 232, 107 S.Ct. 2332, 2340 (1987); *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).  This highly deferential standard of review is:

> ***strictly limited***; this highly deferential standard has been described as ***among the narrowest known to the law***.  In consenting to arbitration, a party trades the

---

[4]    Indeed, and not surprisingly, "in almost every instance where a court has been asked to review an arbitration award, the arbitrator's final decision has been left undisturbed." *Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441, 2000 WL 60200, *6 (S.D.N.Y. Jan. 25, 2000).  After all, "it must be remembered that the parties to a contract containing a broad arbitration clause . . . have agreed to accept the judgment of an arbitrator, not that of a judge." *Advance Publ'ns, Inc. v. Newspaper Guild of N.Y.*, 616 F.2d 614, 618 (2d Cir. 1980).

> procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration. We employ this limited standard of review and exercise caution in setting aside arbitration awards because one purpose behind arbitration agreements is to avoid the expense and delay of court proceedings. A court may not, therefore, independently judge an arbitration award.

*Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (citations and internal quotation marks omitted) (emphasis added); *see also B.L. Harbert*, 441 F.3d at 913.[5] Thus, the Second Circuit has held that an award "should be enforced" even if a court "disagree[s] with it on the merits," so long as the award discloses "a 'barely colorable justification for the outcome reached.'" *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (citations omitted). The 34-page, well-reasoned Award far surpasses that requirement and cannot possibly be subjected to vacatur.

### B.   Enmon's Challenges to Arbitrability Remain Frivolous

Although Enmon tries to recycle his previous challenges to arbitrability (Answer ¶ 3), these arguments were addressed – and rejected – by this Court in its 2/13/07 Order compelling arbitration. Specifically, this Court determined that the "arbitration agreement [was] valid and enforceable, and direct[ed] that [the Arbitration] go forward as scheduled." (Ex. J at 43:14-16.) That finding remains the law of this case. *See Ahing v. Lehman Bros.*, No. 94 Civ. 9027, 2000 WL 460443, at *4 (S.D.N.Y. Apr. 20, 2000) (prior determination that parties were compelled to arbitrate was binding and attempt to reargue arbitrability on a petition to confirm had "no place at this stage of the proceedings"); *Passa v. City of Columbus*, No. 2:03-CV-81, 2008 WL 687168, at *12 (S.D. Ohio Mar. 11, 2008) (rejecting losing party's attempt to revisit issue of arbitrability that had already been adjudicated during the motion to compel).[6]

---

[5]   Thus, Enmon's "affirmative defenses" of "fraud, unclean hands, waiver, duress, failure to mitigate alleged damages" (Answer ¶ 1) are not cognizable bases for resisting confirmation.

[6]   In all events, Petitioners rely upon and incorporate herein all arguments submitted in their June 22, 2007 brief to the United States Court of Appeals for the Second Circuit. (Ex. 5.)

**C.      Enmon's Assertion that the Arbitrator "Overstepped" His Authority is Frivolous**

Enmon claims that the Arbitrator "overstepped his authority" by rejecting certain of Enmon's contentions relating to "Caprock Inc," thus warranting vacatur under 9 U.S.C. § 10(a)(4) (excess of authority). (Objection at 10-12.) The Second Circuit, however, has

> "consistently accorded the narrowest of readings" to the FAA's authorization to vacate awards pursuant to § 10(a)(4). . . . [O]ur inquiry "focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."

*Banco de Seguros*, 344 F.3d at 262 (citing *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002)).[7]

Here, Enmon complains that the Arbitrator adjudicated the issue of whether "Caprock Inc." entered into a binding Credit Agreement with Prospect. (Objection at 11-12.) But, as the Award on its face indicates, ***Enmon affirmatively submitted this issue for determination as part of his jurisdictional defense*** that the arbitration clause in the Letter Agreement had been completely superseded and nullified by the forum clause in the putative draft contract between "Caprock Inc." and Prospect. (*See* Ex. A at 23-25.)[8] Indeed, this is the same issue Enmon brought before this Court in his failed application for Rule 60(b) relief from the 2/13/07 Order,

---

[7]    Enmon's reliance on labor cases, *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005), *Local 1199, Drug, Hospital & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22 (2d Cir. 1992), and *United Steelworkers of Am. v. Mead Corp.*, 21 F.3d 128, 131 (6th Cir. 1994) is misplaced, since the law governing "collective bargaining agreements . . . is 'analytically distinct from the FAA.'" *Westerbeke*, 304 F.3d at 221 (citations omitted); see also id. ("We have traditionally confined the 'essence of the agreement' doctrine to review of arbitration awards issued under collective bargaining agreements.") (citations omitted). Also inapposite is *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002), where the AAA deviated from the arbitrator selection process required in the parties' employment agreement.

[8]    The AAA Rules expressly called for the Arbitrator to rule on Enmon's challenges to jurisdiction. (Ex. C, Rule R-7.) *See Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005) (when "parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.").

6

and which Judge Sand rejected as representing a "radical variation of the law of contracts." (Ex. N at 17:20.) Consistent with the 7/24/07 Order, and based on the "considerable evidence" in the Arbitration, the Arbitrator specifically held that no Credit Agreement arose between Prospect and "Caprock Inc.," meaning he had jurisdiction over all claims before him. (Ex. A at 3-4, 23-25.)

Having affirmatively placed the "Caprock Inc. Credit Agreement" issue squarely before the Arbitrator for determination, Enmon cannot be heard to criticize the Arbitrator for adjudicating the issue simply because Enmon dislikes the outcome. As in *Banco de Seguros*, there is "little doubt that the parties expected the Panel to rule on the issue," and "it was fully briefed and was orally debated by both parties." 344 F.3d at 263. Accordingly, Enmon's assertion of "excess of authority" is utterly frivolous and must fail.

D.   **Enmon's Claims of "Improprieties" by the Arbitrator are Frivolous**

   1.   The Arbitrator's Refusal of an Adjournment Affords No Basis for Vacatur

Enmon's complaint that he was denied an adjournment prior to the July hearings (Objection at 12) fails to address, much less satisfy, the applicable FAA standards:

> It is . . . well established that "[t]he granting or denying of an adjournment falls within the broad discretion of appointed arbitrators," and a court's review is limited "to a determination of whether the arbitrators were guilty of misconduct" in denying the request for an adjournment. *Storey v. Searle Blatt Ltd.*, 685 F. Supp. 80, 82 (S.D.N.Y. 1988). "As long as there is at least a barely colorable justification for the arbitrators' decision not to grant an adjournment, the arbitration award should be enforced." *Bisnoff v. King*, 154 F. Supp. 2d 630, 637 (S.D.N.Y. 2001) (internal quotes omitted).

*Kober v. Kelly*, No. 06 Civ. 3341, 2006 WL 1993248, at *2 (S.D.N.Y. July 18, 2006). Here, Enmon does not offer a scintilla of evidence to indicate "misconduct" in the Arbitrator's denial of an adjournment. On the contrary, the record (Exs. 6-8) shows the Arbitrator had ample good reason to deny the request, including because: (1) only months previously, Enmon's counsel had confirmed his availability in July (Ex. 7 at 1); (2) there was reason to infer that the adjournment was being pursued for purely tactical ends (*id.* at 2); and (3) Enmon offered no evidence of

7

genuine need for an adjournment or to rebut the inference he was engaging in dilatory tactics. (*Id.* at 3.) Moreover, Enmon was plainly not prejudiced by the decision. Prior to the July hearings, Enmon submitted pre-hearing briefs, exhibits and witness lists – and also found time to cook up his frivolous Rule 60(b) motion, in a blatant effort to vacate the July hearings altogether. At the July hearings, Enmon presented testimony from his own witnesses and cross-examined the Petitioners at length. And in all events, any conceivable prejudice was negated by the fact that the hearings ***continued into September and November 2007***, on dates convenient to Enmon's counsel. (Exs. 9, 10.) Enmon's reliance upon Section 10(a)(3) is thus utterly frivolous.

    2.    <u>The Arbitrator's Denial of Depositions Affords No Basis for Vacatur</u>

Enmon complains that the arbitrator did not "allow[] depositions." (Objection at 12.)[9] Under the AAA Rules, however, arbitrators are not obligated to permit depositions. (Ex. C, Rule L-4.) Moreover, as a matter of law, limitations on discovery do not support vacatur. *See InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochems. AG*, 373 F. Supp. 2d 340, 352 (S.D.N.Y. 2005) ("any and all decisions concerning the procedure of the arbitration, including any discovery procedures, were well within the Arbitrator's discretion."); *Mallory Factor Inc. v. W. Coast Entm't Corp.*, No. 99 Civ. 4819, 1999 WL 1021076, at *3 (S.D.N.Y. Nov. 9, 1999) (arbitrator's refusal to give "further discovery" did not support vacatur because "the Arbitrator has wide discretion in determining whether or not to hear evidence at the hearing" and the arbitrator had ensured that "[b]oth parties were permitted to present evidence and to cross-examine adverse witnesses. The Court concludes that there is simply no indication that [the losing party] was denied a fundamentally fair hearing.").[10]

---

[9] Moreover, Enmon waived this argument by agreeing to a discovery schedule that did not envision depositions. (Ex. 11 at 3-4.) He later requested depositions as a tactic to delay the hearings. (Exs. 12 at 2; 13 at 2; 14; 15 at 3.)

[10] The United States Supreme Court has explicitly rejected *ex post* assertions of procedural unfairness due to limited discovery in arbitration, because although arbitration procedures "might

8

3.   The Arbitrator's Ordering of Witnesses is Not a Basis for Vacatur

Enmon's claim that witnesses were improperly "called out of order" and not cross-examined "immediately after their direct testimony" (Objection at 12) is utterly disingenuous, given that (1) the Arbitrator was asked to call witnesses "out of order" *in response to Enmon's request* (*see supra,* at p. 2-3); (2) all of the Petitioners were based in New York and constantly available to testify, but were cross-examined in an order that suited *Enmon's counsel's convenience*; (3) Enmon had a full opportunity to, and did, cross-examine all of Petitioners' witnesses; and (4) Enmon's counsel never made any contemporaneous objection to the presentation of testimony "out of order." In all events, "'[i]n handling evidence an arbitrator need not follow all the niceties observed by the federal courts. He need only grant the parties a fundamentally fair hearing.'" *Mallory*, 1999 WL 1021076, at *3 (citing *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516*, 500 F.2d 921, 923 (2d Cir. 1974)). For these purposes, "[a] fundamentally fair hearing requires that the parties be permitted to present evidence and cross-examine adverse witnesses," *id.* (citations omitted) – which incontestably occurred here. Indeed, given that the Arbitrator planned to, and did, *"hear the testimony of everyone who has something relevant to say,"* Enmon cannot claim that he was denied a fair hearing.[11]

## III.
## ENMON'S REQUEST FOR A STAY IS FRIVOLOUS

In baldly seeking a stay pending the outcome of his Second Circuit appeal from the 2/13/07 Order compelling arbitration (Objection at 9), Enmon fails to overcome the requirement that this action proceed on a "summary" basis, as *Florasynth* requires. 750 F.2d at 176. Indeed,

---

not be as extensive as in the federal courts, by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality and expedition of arbitration.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S.Ct. 1647, 1655 (1991) (citation omitted).

[11]   Enmon's conclusory assertion that the Award represents a "misapplication of clear law" (Objection at 12), besides being unsupported, is legally baseless, because a court may not inquire whether the substance of the award was "correctly decided." *Banco de Seguros*, 344 F.3d at 262.

he does not explain why he never moved for a stay of the 2/13/07 Order after it was entered.

Equally meritless is Enmon's contention that the matter should be stayed until the Arbitrator has awarded attorney's fees.[12] There is no good reason to delay confirmation of the Award until that time, and Enmon advances none – he merely contends that, because he intends to appeal any order confirming the fees award along with any order confirming the present "Award," it would be best to defer confirmation so that both orders can be appealed jointly. (Objection at 10.) This blatant threat to institute further frivolous appeals is a mere perpetuation of the "never-say-die attitude" that was sharply criticized in *B.L. Harbert Int'l*, 441 F.3d at 913, and is not a legitimate basis for a stay. We respectfully submit that Enmon's frivolous and dilatory tactics must stop, that a stay would effectively deprive Prospect the fruits of the arbitration process, and that the Award should be confirmed without delay.

## CONCLUSION

For the above reasons, Petitioners respectfully request that the Court confirm the Award.

Dated: May 22, 2008  
New York, New York

Respectfully submitted,

By: /s/ Timothy G. Nelson  
Jonathan J. Lerner  
Jonathan.Lerner@skadden.com  
Maura Barry Grinalds  
MauraBarry.Grinalds@skadden.com  
Timothy G. Nelson  
Timothy.G.Nelson@skadden.com  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
Four Times Square, New York, NY 10036  
(212) 735-3000  
Attorneys for Petitioners

---

[12] Contrary to Enmon's assertions, it is settled that an award disposing of all issues except "attorneys fees" ***can be separately confirmed***. *See Advest, Inc. v. Asseoff*, 92 Civ. 2269, 1993 WL 119690, at *5 (S.D.N.Y. Apr. 12, 1993) (confirming award that left "attorney's fees" to be adjudicated later: "an award that finally and conclusively disposes of 'a separate and independent claim' may be confirmed even though the award does not dispose of all the claims that were submitted to arbitration.") (citing *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986).