Jonathan J. Lerner
Maura Barry Grinalds
Timothy G. Nelson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735 3000 (telephone)

Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PROSPECT CAPITAL CORPORATION,
PROSPECT CAPITAL MANAGEMENT
LLC, JOHN F. BARRY, M. GRIER             :
ELIASEK, WALTER PARKER and               :      08 CV 03721 (LBS)
BART DE BIE,
                                         :      (ECF CASE)
            Petitioners,
                                         :      Electronically Filed
     - against -
                                         :
MICHAEL ENMON,
                                         :
            Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS'
MOTION TO CONFIRM A FINAL ARBITRATION AWARD**

September 3, 2008

Petitioners, who already have moved this Court for confirmation of the April 14, 2008 Partial, Final Award (the "April Award") rendered by the arbitrator in the American Arbitration Association ("AAA") arbitration proceeding between Petitioners and Respondent, hereby respectfully submit this memorandum of law in support of their supplemental Motion pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 6 and 9, N.Y. C.P.L.R. § 7510 and Federal Rule of Civil Procedure 65 to confirm the Final Arbitration Award dated August 23, 2008 (the "Final Award").[1]

## PRELIMINARY STATEMENT

On August 23, 2008, Arbitrator John Wilkinson, Esq. (the "Arbitrator") issued the Final Award, incorporating the Arbitrator's April 14, 2008 Partial, Final Award (the "April Award") on liability, and directing that Enmon pay Petitioners the sum of $2,280,475 in attorney's fees, costs, arbitrator's fees and AAA administrative fees, thus conclusively and finally resolving all remaining issues between the Petitioners and the Respondents in their pending AAA arbitration.  This motion to confirm the Final Award supplements the pending Petition to confirm the April Award filed by Petitioners on April 18, 2008 (the "Petition").   The Final Award was based upon a full evidentiary record, and after receiving extensive briefing by the parties.  Pursuant to Section 9 of the FAA, or alternatively N.Y. C.P.L.R. § 7510, Petitioners are entitled to an order confirming the Final Award and entering judgment thereupon.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts of this case are as set forth in the Petition, the April Award and the Final Award, as well as the Petitioners' April 18, 2008 and May 22, 2008 moving

---

[1]    The Final Award is transmitted herewith as Ex. 1 to the accompanying Declaration of Timothy G. Nelson, dated September 3, 2008 ("Nelson Decl.").

and reply submissions in support of their Petition to confirm the April Award, which we respectfully incorporate as if fully set forth herein.

## II.
## THE AWARD SHOULD BE CONFIRMED

Confirmation of an arbitration award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). "[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (judicial review of an arbitrator's award is limited); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (arbitration awards are entitled to great deference by the courts).

Here, the Final Award arises out of an arbitration agreement which this Court has already held to be fully binding and which expressly authorizes the Arbitrator to award attorneys' fees and costs in favor of the prevailing party. (Petition, Ex. A.) Moreover, the parties have expressly consented to the AAA Rules and are thus "deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (Petition, Ex. C, Rule R-48.) Thus, the Final Award plainly qualifies for confirmation pursuant to Section 9 of the FAA and/or N.Y. CPLR 7510. *See D.H. Blair*, 462 F.3d at 113.

### III.
### THE GROUNDS PREVIOUSLY ADVANCED BY ENMON AS JUSTIFYING A STAY OF CONFIRMATION – WHICH WERE MERITLESS IN THE FIRST PLACE – HAVE BEEN MOOTED BY SUBSEQUENT EVENTS

In opposing our motion to confirm the April Award, Enmon sought a stay of confirmation on various grounds.[2]  Among these was that Petitioners' application for an award of attorney's fees, costs and other expenses was still pending before the Arbitrator. (Enmon May 12, 2008 Opp. at 9-10.)  This argument has now been mooted by the Arbitrator's issuance of the Final Award, which conclusively adjudicates Petitioners' application for attorneys' fees, costs and other expenses.

Enmon also urged that confirmation be stayed pending determination of his appeal from this Court's February 13, 2007 order compelling Enmon to submit to arbitration under the auspices of the AAA in New York.  (*Id.* at 9.)  Enmon's appeal of this Court's order has now been unanimously rejected by the Second Circuit Court of Appeals following oral argument in a summary order dated July 24, 2008 (later corrected by certified order dated August 20, 2008).  (Nelson Decl. Ex. 2.)[3]

---

[2]   All of Enmon's myriad other objections to confirmation of the April Award were addressed, and disposed of, in Petitioners' May 22, 2008 Reply, which is incorporated as if fully set forth herein.

[3]   Although Enmon has filed a motion for panel rehearing and rehearing en banc from the Second Circuit panel's original decision, we respectfully submit that the pendency of such a motion – which is merely the continuation of the pattern of vexatious litigation perpetrated by Respondent – does not warrant deferring confirmation of the April Award and the Final Award.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Petitioners' April 2008 and May 2008 initial confirmation submissions, Petitioners respectfully request that the Court grant an order confirming the April Award and the Final Award in all respects.

Dated: New York, New York
        September 3, 2008

SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP

_____
Jonathan J. Lerner
Jonathan.Lerner@skadden.com
Maura Barry Grinalds
MauraBarry.Grinalds@skadden.com
Timothy G. Nelson
Timothy.G.Nelson@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for Petitioners